UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

02-72487

SCOTT ROY,

Plaintiff,

vs.

TEXTRON AUTOMOTIVE COMPANY, INC.,
a foreign corporation,

Defendant.

Case No. BERNARD A. FRIEDMAN

Hon.
MAGISTRATE JUDGE CARLSON

Donald J. Gasiorek (P24987)
SOMMERS, SCHWARTZ, SILVER &
SCHWARTZ, PC
Attorneys for Plaintiff
2000 Town Center, Suite 900
Southfield, MI 48075
(248) 355-0300

Claudia D. Orr (P45402)
Eric O. Husby (P51770)
CLARK HILL PLC
Attorneys for Defendant
500 Woodward Ave., Suite 3500
Detroit, MI 48226
(313) 965-8300

FILED
2002 JUN 14 A 9:58
U.S. DIST. COURT CLERK
EAST. DIST. MICHIGAN
DETROIT

# NOTICE OF REMOVAL

TO: Clerk of the Court
United States District Court
Eastern District of Michigan
Southern Division
231 W. Lafayette Blvd.
Detroit, MI 48226

Clerk of the Court
Oakland County Circuit Court
1200 N. Telegraph Rd.
Pontiac, MI 48341

Donald J. Gasiorek
Sommers, Schwartz, Silver & Schwartz
2000 Town Center, Suite 900
Southfield, MI 48075

Pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 28 U.S.C. § 1441, Defendant

Textron Automotive Company, Inc. ("Defendant"), through its attorneys, Clark Hill PLC, removes this case from the Circuit Court for the County of Oakland, State of Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division. In support of its removal, Defendant states as follows:

1. This action was filed in the Circuit Court for the County of Oakland, Michigan, on or about April 18, 2002, and was assigned Case No. 02-040046-CL. The Complaint and Summons were mailed on May 17, 2002 and received by Defendant's resident agent on May 20, 2002. Thus, this Notice is timely filed within 30 days of service of the Summons and Complaint.

2. Copies of the Complaint and Summons are attached as Ex A and incorporated by reference. The documents attached as Ex A include all process, pleadings, and orders served upon Defendant in this action.

3. This is a civil case alleging that Defendant wrongfully denied Plaintiff Scott Roy ("Plaintiff") certain employment benefits, including severance under a welfare plan as defined by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* Count III of the Complaint specifically alleges a violation of ERISA.

4. This action is removable to this Court pursuant to 28 U.S.C. §§ 1331 and 1441 on the basis of federal question jurisdiction, for the following reasons:

a. Plaintiff claims that the benefits at issue are pursuant to a "welfare benefit plan" within the meaning of ERISA.

b. ERISA completely preempts all state law claims that relate to employee benefit plans [29 U.S.C. § 1144(a); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987)], and provides for original jurisdiction of such claims

in federal district court. 29 U.S.C. § 1132(e).

5. Pursuant to 28 U.S.C. §§ 1367 and 1441, the United States District Court has jurisdiction over the state law claims and the entire case is removable.

6. A copy of this Notice is being filed with Circuit Court for the County of Oakland, Michigan, and is being served upon Plaintiff's counsel.

WHEREFORE, Defendant Textron Automotive Company, Inc. removes the above-captioned case from the Circuit Court for the County of Oakland, Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division.

Respectfully submitted,

CLARK HILL PLC

By: ______________________

Claudia D. Orr (P45402)
Eric O. Husby (P51770)
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
(313) 965-8300
Attorneys for Defendant

Date: June 14, 2002

STATE OF MICHGIAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

SCOTT ROY,

Plaintiff,

vs.

Case No. 02-040046-CL

Hon. Fred M. Mester

TEXTRON AUTOMOTIVE COMPANY, INC.,
a foreign corporation,

Defendant.

---

| | |
|---|---|
| Donald J. Gasiorek (P24987)<br>SOMMERS, SCHWARTZ, SILVER &<br>SCHWARTZ, PC<br>Attorneys for Plaintiff<br>2000 Town Center, Suite 900<br>Southfield, MI 48075<br>(248) 355-0300 | Claudia D. Orr (P45402)<br>Eric O. Husby (P51770)<br>CLARK HILL PLC<br>Attorneys for Defendant<br>500 Woodward Ave., Suite 3500<br>Detroit, MI 48226<br>(313) 965-8300 |

FILED
2002 JUN 14 A 9 58
U.S. DIST. COURT CLERK
EAST. DIST. MICHIGAN
DETROIT

## PROOF OF SERVICE

KATHI L. LINDSEY, being first duly sworn, deposes and says that on Friday, June 14, 2002 she served a copy of Civil Cover Sheet, Notice of Filing Notice of Removal, Notice of Removal and this Proof of Service on:

Donald J. Gasiorek
Sommers, Schwartz, Silver & Schwartz, PC
2000 Town Center, Suite 900
Southfield, MI 48075

Clerk of the Court
Oakland County Circuit Court
1200 N. Telegraph, Dept. 404
Pontiac, MI 48341-0404
**(hand delivered)**

by enclosing a copy of said documents in an envelope addressed accordingly and deposited in a U.S. Postal Service mail receptacle in Detroit, Michigan with first class postage thereon fully paid.

Kathi L. Lindsey

KATHI L. LINDSEY

Subscribed and sworn to before me
this 14th day of June, 2002

Alyssa L. Theisen

Notary Public,
Wayne County, MI
My Commission Expires 11/16/04

ALYSSA L THEISEN
NOTARY PUBLIC, WAYNE CO., MI
MY COMMISSION EXPIRES NOV. 16, 2004

Original - Court 1st copy - Defendant 2nd copy - Plaintiff 3rd

STATE OF MICHIGAN
JUDICIAL DISTRICT
6th JUDICIAL CIRCUIT
COUNTY PROBATE

**SUMMONS AND COMPLAINT**

02-040046-CL
JUDGE FRED M. MESTER
ROY SCOTT vs TEXTRON AUTO

Court Address
1200 North Telegraph Road, Department 404; Pontiac, Michigan 48304-0404

Phone no.
(248) 858-1000

| Plaintiff name(s), address(es) and telephone no(s). | V | Defendant name(s), address(es), and telephone no(s). |
|---|---|---|
| SCOTT D. ROY | | TEXTRON AUTOMOTIVE COMPANY, INC., a foreign corporation |
| Plaintiff attorney, bar no., address, and telephone no.<br>DONALD J. GASIOREK, (P-24987)<br>2000 TOWN CENTER, SUITE 900<br>SOUTHFIELD, MICHIGAN 48075<br>(248) 355-0300 | | |

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan, you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| APR 18 2002 | JUL 18 2002 | G. WILLIAM CADDELL |

*This summons is invalid unless served on or before its expiration date.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in ________________ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ________________ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| OAKLAND COUNTY, MICHIGAN | OAKLAND COUNTY, MICHIGAN |
| Place where action arose or business conducted<br>OAKLAND COUNTY, MICHIGAN | |

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

April 16, 2002
Date

Signature of attorney/plaintiff DONALD J. GASIOREK, (P-24987)

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.

| SUMMONS AND COMPLAINT |
|---|
| Case No. |

## PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE

| ☐ OFFICER CERTIFICATE | | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notary not required) | OR | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notary required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with ______________________________
List all documents served with the Summons and Complaint

______________________________ on the defendant(s):

| Defendant's Name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ After diligent search and inquiry, I have been unable to find and serve the following defendant(s): ______________________________

I have made the following efforts in attempting to serve the defendant(s): ______________________________

☐ I have personally attempted to serve the summons and complaint, together with ______________ (Attachment)

______________________________ on ______________ (Name)

at ______________ (Address) and have been unable to complete service because the address was incorrect at the time of filing.

| Service Fee | Miles Traveled | Mileage Fee | Total Fee |
|---|---|---|---|
| $ | | $ | $ |

______________________________ Signature

______________________________ Title

Subscribed and sworn to before me on ______________ (Date), ______________ County, Michigan.

My commission expires: ______________ (Date) Signature: ______________ (Deputy court clerk/Notary Public)

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with: ______________ (Attachments)

______________________________ on ______________ (Day, date, time)

______________________________ on behalf of ______________

Signature

02-040046-CL
JUDGE FRED M. MESTER
ROY SCOTT vs TEXTRON AUT

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

**SCOTT ROY,**

Plaintiff,

Case No. 02- -CL

vs.

Hon.

**TEXTRON AUTOMOTIVE COMPANY, INC.,**
a foreign corporation,

Defendant.

RECEIVED FOR FILING
OAKLAND COUNTY CLERK
02 APR 18 AM 1:00
BY: DEPUTY COUNTY CLERK

SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
BY: DONALD J. GASIOREK (P-24987)
Attorney for Plaintiff
2000 Town Center, Suite 900
Southfield, Michigan 48075
(248) 355-0300

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint.

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, by his attorneys, SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C., states the following for his Complaint against the Defendant:

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

## PARTIES

1. Plaintiff, SCOTT ROY, is an individual who resides in Oakland County, Michigan.

2. Defendant, TEXTRON AUTOMOTIVE COMPANY, INC, is incorporated in Delaware, but is authorized to do business in Michigan and has a resident agent, registered office, and principal place of business located in Oakland County, Michigan.

## JURISDICTION AND VENUE

3. The amount of controversy in this civil action exceeds $25,000 and is otherwise within the jurisdiction of this Honorable Court pursuant to MCL §600.605.

4. This Court has jurisdiction of Count III of this Complaint pursuant to 29 U.S.C. § 1132(e)(1) and § 1132(1)(B).

5. Venue is proper in this judicial circuit pursuant to MCL §600.1621.

6. The unlawful practices alleged in this Complaint were committed in Oakland County, Michigan, and Defendant conducts business in Oakland County, Michigan on a regular and systematic basis.

## GENERAL ALLEGATIONS

7. On September 18, 1998, Plaintiff commenced employment with Defendant.

8. At the time of Plaintiff's hire and at various times throughout the course of Plaintiff's employment, Plaintiff and Defendant negotiated the terms and conditions of Plaintiff's employment, including but not limited to severance benefits should Plaintiff's position be eliminated because of a reduction-in-force, restructuring of operations, and/or sale of operations.

9. On or about August 7, 2001, Defendant announced the sale of its trim division to Collins & Aikman Corporation.

10. Defendant informed Plaintiff that after the sale of operations to Collins & Aikman Corporation, Plaintiff's position would be eliminated and that he would no longer be employed with Defendant.

11. As a result of the job elimination, Defendant promised and agreed to pay Plaintiff a severance package or benefits which included 17 weeks salary, prorated annual incentive compensation bonus, two weeks vacation and stock options (hereafter referred to as "severance benefits"). Defendant further promised and agreed to pay Plaintiff these severance benefits even in the event that Plaintiff secured new employment.

12. Based upon Defendant's promises and agreements, Plaintiff began making good faith efforts to secure new employment.

13. On or about September 28, 2001, Plaintiff informed Defendant that he found another position and that his starting date with his new employer was October 15, 2001.

14. Defendant now refuses to pay Plaintiff the agreed upon severance benefits.

15. Despite Plaintiff's repeated demands, Defendant continues to fail to pay the promised severance benefits or to respond to Plaintiff's request for an appeal of the Defendant's denial of severance benefits, as provided in Section IX of the Textron Automotive Company, Inc. Severance Pay Plan for Salaried Employees ("Severance Plan"). A copy of the Severance Plan is in the Defendant's possession.

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

**COUNT I:**
**BREACH OF CONTRACT**

16. Plaintiff incorporates by reference each and every paragraph of this Complaint.

17. At all relevant times, Plaintiff was employed by Defendant pursuant to a verbal and/or written contract which provided, among other things, that Defendant would provide Plaintiff with certain severance benefits should Plaintiff's employment be involuntarily terminated as a result of an elimination of his position because of a reduction-in-work force, restructuring of operations, or sale of operations.

18. Such contract for severance benefits arose from Defendant's express oral and/or written agreement, and as a result of Plaintiff's legitimate expectations grounded in Defendant's statements, policies and practices.

19. Defendant involuntarily terminated and eliminated Plaintiff's position because of a sale of operations to Collins & Aikman Corporation.

20. Defendant breached its contractual obligations to Plaintiff by failing and refusing to pay Plaintiff severance benefits which included 17 weeks salary, prorated annual incentive compensation bonus, two weeks vacation and stock options.

21. As a direct and proximate result of such breach of contract by Defendant, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter its Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with interest, costs and reasonable attorney fees.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

**COUNT II**
**PROMISSORY ESTOPPEL**

22. Plaintiff incorporates by reference each and every paragraph of this Complaint.

23. Defendant represented to and promised Plaintiff that Defendant would pay him severance benefits should Plaintiff's employment be involuntarily terminated as a result of an elimination of his position because of a reduction-in-work force, restructuring of operations, or sale of operations.

24. Defendant eliminated Plaintiff's position because of a sale of operations to Collins & Aikman Corporation, informed Plaintiff that he would not longer be employed after the sale of operations, but promised to pay Plaintiff severance benefits should Plaintiff secure other employment.

25. Plaintiff relied on Defendant's promises and representations and expended his limited time, money, and other resources to secure another employment position.

26. Defendant's promises and representations induced Plaintiff's subsequent actions in looking for and securing another employment position.

27. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages.

28. The promises made to Plaintiff by Defendant must be enforced to avoid injustice.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter its Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with interest, costs and reasonable attorney fees.

DEMAND FOR TRIAL BY JURY IS HEREBY MADE

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

## COUNT III – ERISA VIOLATIONS

29. Plaintiff incorporates by reference each and every paragraph of this Complaint.

30. Defendant's Severance Plan is an employee welfare benefit plan as defined by the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1002(1)(B).

31. Defendant has denied the Plaintiff severance benefits and/or his right to appeal the denial of benefits required and due under the Severance Plan.

32. Plaintiff is entitled to the payment of all severance benefits due under the Severance Plan and/or the right to appeal the Defendant's denial of severance benefits as provided by the Severance Plan.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter its Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with interest, costs and reasonable attorney fees and order the Defendant to provide Plaintiff with all rights due to him under the Severance Plan.

Respectfully submitted,

SOMMERS, SCHWARTZ, SILVER
& SCHWARTZ, P.C.

By: [signature]

DONALD J. GASIOREK (P-24987)
Attorney for Plaintiff
2000 Town Center, Suite 900
Southfield, Michigan 48075-1100
(248) 355-0300

Dated: April 16, 2002

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

**SCOTT ROY,**

Plaintiff,

Case No. 02- -CL

vs.

Hon.

**TEXTRON AUTOMOTIVE COMPANY, INC.,**
a foreign corporation,

Defendant.

SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
BY: DONALD J. GASIOREK (P-24987)
Attorney for Plaintiff
2000 Town Center, Suite 900
Southfield, Michigan 48075
(248) 355-0300

**DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, by its attorneys, SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C., and demands a trial by jury.

SOMMERS, SCHWARTZ, SILVER
& SCHWARTZ, P.C.

By: [signature]

DONALD J. GASIOREK, (P-24987)
Attorney for Plaintiff
2000 Town Center, Suite 900
Southfield, Michigan 48075-1100
(248) 355-0300

Dated: April 16, 2002

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED